UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUZ MARIA SANCHEZ,

                Plaintiff,

      - v. -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

18 Civ. 12102 (PGG) (DCF)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Luz Maria Sanchez filed the Complaint in this action on December 21, 2018. (Cmplt. (Dkt. No. 1)) Sanchez seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") benefits. (Id.) On December 27, 2018, this Court referred the case to Magistrate Judge Debra C. Freeman for a Report and Recommendation ("R & R"). (See Order of Reference (Dkt. No. 6))

        On May 29, 2019, Plaintiff filed a motion for judgment on the pleadings arguing, inter alia, that the administrative law judge ("ALJ") made a decision "not supported by substantial evidence" and "failed to apply the correct legal standard to the evidence." (Mot. (Dkt. No. 12); Pltf. Br. (Dkt. No. 13) at 4)

        On July 29, 2019, Defendant filed a cross-motion for judgment on the pleadings, arguing that the ALJ's decision was not contrary to law and was supported by substantial evidence. (Mot. (Dkt. No. 14); see also Def. Br. (Dkt. No. 15)) On August 19, 2019, Plaintiff filed a reply memorandum. (Pltf. Br. (Dkt. No. 16))

On January 13, 2020, Judge Freeman issued a 75-page R & R, recommending that this Court grant Plaintiff's motion for judgment on the pleadings to the extent that Plaintiff seeks a remand for further administrative proceedings, and deny Defendant's cross-motion for judgment on the pleadings. (R & R (Dkt. No. 17))

In her R & R, Judge Freeman notified the parties that they had fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (R & R (Dkt. No. 17) at 75) The R & R further states that "FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW." (Id. (emphasis in original)) Neither party has filed objections to the R & R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also

2

Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

Sanchez argues that the ALJ erred in finding that she had the residual functional capacity to perform a full range of medium work, subject to certain physical and mental limitations, and therefore was not disabled under the Social Security Act. (R&R at 2) Judge Freeman recommends a remand because "the ALJ did err in connection with his review of the medical record of Plaintiff's physical conditions, in particular by overlooking or ignoring the extent of her treatment for chronic back pain, and its potential impact on her ability to stand, walk, and lift." Judge Freeman went on to find that the ALJ's "error was infected by a failure . . . to develop the Record so as, at least, to obtain a functional assessment from one of the providers who treated Plaintiff for her physical impairments." (Id. at 50-51)

This Court has reviewed Judge Freeman's comprehensive and well-reasoned R & R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). As Judge Freeman explains, the ALJ did not fully develop the record regarding Plaintiff's physical impairments and exertional limitations. For this reason, it was not clear error for Judge Freeman to recommend that this case be remanded to the ALJ for further development of the record concerning Sanchez's physical impairments and exertional limitations.

On remand, the ALJ is

(1) to conduct a thorough review of the medical record of Plaintiff's treatment at the All Med and Damian clinics, taking into account the totality of the findings and prescriptions reported in Plaintiff's treatment notes – including, but not limited to, any findings related to Plaintiff's degenerative/chronic back

conditions and Plaintiff's obesity, and her medications for pain management –
that may be material to her exertional impairments;

(2) to seek clarification of any handwritten treatment notes regarding Plaintiff's physical conditions that the ALJ finds illegible and that may be material to an assessment of the extent of her exertional impairments;

(3) to solicit a functional assessment, particularly with respect to Plaintiff's ability to stand, walk, and lift, from Dr. Rodriguez Ospina, or from one of the other physicians who treated Plaintiff regularly, during the relevant period, for her physical impairments;

(4) to reassess Plaintiff's subjective complaints with respect to her pain and resulting physical limitations, in accordance with the factors set out in 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), and in light of the totality of the medical record; and

(5) to reconsider Plaintiff's RFC, consistent with the above; and

(6) if necessary, to recall the VE for additional testimony to evaluate whether Plaintiff's reassessed RFC would preclude employment for Plaintiff during the relevant time period.

(R&R (Dkt. No. 17) at 74)

Judge Freeman's R & R is adopted in its entirety. Plaintiff's motion for judgment on the pleadings is granted to the extent that the case is remanded for further administrative proceedings, as set forth above and in the R & R. (See id. at 74) Defendant's cross-motion for judgment on the pleadings is denied. The Clerk of Court is respectfully directed to terminate the motions (Dkt. Nos. 12, 14) and to remand this case to the Commissioner of Social Security for further proceedings.

Dated: New York, New York
March 20, 2020

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge