# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

LUZ MARIA SANCHEZ,

      Plaintiff,        18 **CIVIL** 12102 (PGG) (DCF)

  -against-            **JUDGMENT**

COMMISSIONER OF SOCIAL SECURITY,
         Defendant.

-----------------------------------------------------------------X

  It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons set forth in the Court's Order dated March 20, 2020, Judge Freeman's R & R is adopted in its entirety; Plaintiff's motion for judgment on the pleadings is granted to the extent that this case is remanded for further proceedings, as set forth below and in the R & R (Dkt. No. 74); Defendant's cross-motion for judgment on the pleadings is denied; the case is remanded to the Commissioner of Social Security for further proceedings.

On remand, the ALJ is

(1) to conduct a thorough review of the medical record of Plaintiff's treatment at the All Med and Damian clinics, taking in to account, the totality of the findings and prescriptions reported in Plaintiff's treatment notes – including, but not limited to, any findings related to Plaintiff's degenerative/chronic back conditions and Plaintiff's obesity, and her medications for pain management – that may be material to her exertional impairments;

(2) to seek clarification of any handwritten treatment notes regarding Plaintiff's physical conditions that the ALJ finds illegible and that may be material to an assessment of the extent of her exertional impairments;

(3) to solicit a functional assessment, particularly with respect to Plaintiff's ability to stand, walk, and lift, from Dr. Rodriguez Ospina, or from one of the other physicians who treated Plaintiff regularly, during the relevant period, for her physical impairments;

(4) to reassess Plaintiff's subjective complaints with respect to her pain and resulting physical limitations, in accordance with the factors set out in 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), and in light of the totality of the medical record; and

(5) to reconsider Plaintiff's RFC, consistent with the above; and

(6) if necessary, to recall the VE for additional testimony to evaluate whether Plaintiff's reassessed RFC would preclude employment for Plaintiff during the relevant time period.

**Dated:** New York, New York
March 25, 2020

**RUBY J. KRAJICK**
_____
**Clerk of Court**
**BY:**
_____
**Deputy Clerk**